RANDY S. GROSSMAN
Acting United States Attorney
PETER S. HORN
Assistant United States Attorney
California Bar No. 321358
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-6795
Email: peter.horn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF RODERICK MUCHIKEKWANAPE<br><br>a/k/a<br><br>"MUCHIKEKWANAPE, RODERICK, RODNEY"<br>"MUCH, RODERICK, TOOT"<br>"GAMBLER, THOMAS ROBERT"<br>"STARKES, PAUL EDWARD"<br>"GREEN, KEVIN" | Misc. Case No.: **21-MJ-1181**<br><br>Hon. Bernard G. Skomal |

**COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. § 3184)**

I, Peter S. Horn, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligations to Canada.

2. There is an extradition treaty in force between the United States and Canada: the Treaty on Extradition Between the United States of America and Canada, U.S.-Can.,

Dec. 3, 1971, 27 U.S.T. 983, *as amended by* the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990), *and* the Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

3. Article 11 of the Treaty provides for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States, through diplomatic channels, for the provisional arrest of Roderick MUCHIKEKWANAPE with a view towards his extradition.

5. According to information provided by the Government of Canada, MUCHIKEKWANAPE was convicted in 2000 of First Degree Murder, in violation of Section 235(1) of the Criminal Code of Canada. He was sentenced to life imprisonment without eligibility for parole until after he had served 25 years of his sentence. This offense was committed within the jurisdiction of Canada.

6. On October 29, 2020, MUCHIKEKWANAPE escaped from the prison where he was serving his sentence. The same day, the Institution Head of Mission Institution in Mission, British Columbia issued a warrant for his apprehension and recommitment to custody in a penitentiary.

7. MUCHIKEKWANAPE's First Degree Murder conviction was based on the following facts:

   a. In July 1998, MUCHIKEKWANAPE followed a woman ("the victim") as she was walking home. MUCHIKEKWANAPE attacked the victim and dragged her under a bridge, where he then killed her in the course of a sexual assault. Specifically, he beat the victim, causing fatal skull fractures, and breaking her jaw, cheekbones, and nose. He also removed the victim's clothing from the waist down and used a sharp object to cut her genitalia. He removed her bracelet and threw her body into the river.

   b. Immediately following the murder, MUCHIKEKWANAPE escaped to a friend's home, where he washed his bloody clothes and took a bath. Two witnesses at the house, including MUCHIKEKWANAPE's 14-year-old nephew, saw him with blood smeared on his face and body.

      c.    MUCHIKEKWANAPE gave his nephew the bracelet and his watch, which were covered in blood, and instructed him to wash them. However, his nephew did not clean the bracelet and watch.

      d.    The victim's body was recovered from the river. Police also located the bracelet and watch at the house. Forensic analysis revealed that the blood on the bracelet and watch contained the victim's DNA.

      e.    In August 1998, MUCHIKEKWANAPE was arrested and charged with First Degree Murder. On December 13, 2000, he was convicted and sentenced.

8.    The offense with which MUCHIKEKWANAPE is charged is provided for in Article 2 of the Treaty.

9.    MUCHIKEKWANAPE may be found within the jurisdiction of this Court: at Paradise Valley Hospital or, once he is discharged from the hospital, at Western Region Detention Facility (GEO). On March 26, 2021, Deputy United States Marshals arrested him in San Diego, California on a warrant for his arrest from the Western District of Washington, based on a complaint for provisional arrest with a view towards extradition in that District, where he was believed to be.

10.    The Government of Canada has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

WHEREFORE, the undersigned complainant requests that MUCHIKEKWANAPE be brought before this Court so that evidence of his criminality may be heard.

PETER S. HORN
Assistant United States Attorney

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 29th day of March, 2021.

HON. BERNARD G. SKOMAL
United States Magistrate Judge