RANDY S. GROSSMAN
Acting United States Attorney
PETER S. HORN
Assistant United States Attorney
California Bar No. 321358
New York Bar No. 5333653
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: 619-546-6795
Email: peter.horn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF RODERICK MUCHIKEKWANAPE<br><br>a/k/a<br><br>"MUCHIKEKWANAPE, RODERICK, RODNEY"<br>"MUCH, RODERICK, TOOT"<br>"GAMBLER, THOMAS ROBERT"<br>"STARKES, PAUL EDWARD"<br>"GREEN, KEVIN" | Misc. Case No.: 21-MJ-1181-BGS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO MUCHIKEKWANAPE'S APPLICATION FOR RELEASE**<br><br>Hon. Bernard G. Skomal |

## INTRODUCTION

The Court should deny Roderick Muchikekwanape's application for release. It is groundless, and he mistakes the timeframe for Canada's submission of a formal extradition request. The deadline is 60 days—not 45 days—from Muchikekwanape's arrest, due to the First Protocol amending the Extradition Treaty between the United States and Canada. Muchikekwanape fails to mention that Protocol.

The Treaty, as amended, gives Canada 60 days from the date of the provisional arrest to submit the formal request to the U.S. Department of State. Muchikekwanape was provisionally arrested on March 26, 2021. Pursuant to the Treaty, therefore, the timeframe for submission of the formal extradition request runs until and through May 25, 2021. The Government of Canada has informed the Department of State that it intends to submit the formal request within the Treaty timeframe.[1]

At Muchikekwanape's initial appearance, the Court recognized this 60-day timeframe and properly set a status hearing shortly after that, on May 27. The Court also was correct in keeping Muchikekwanape detained pending extradition proceedings. The risk of flight and danger he presents are clear: in 2000, he was convicted of first-degree murder during a horrific sexual assault, and in October 2020, he escaped from the prison where he was serving a life sentence without the possibility of parole for at least 25 years. He should remain in detention, and at the May 27 status hearing, the United States will inform the Court of the status of Canada's extradition request.

## ARGUMENT

Muchikekwanape misunderstands the Treaty timeframe for Canada's submission of a formal extradition request. The Treaty requires only that the Department of State receive a formal request within 60, not 45, days of his arrest.

The governing Extradition Treaty was first entered into in 1971 and has been amended twice. Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983 (Ex. A), *as amended by* the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990) (Ex. B), *and* the Second Protocol Amending the Extradition Treaty with Canada,

---

[1] In March 2021, the Department of State informed the Government of Canada that it expected to receive the formal extradition request before or on May 24—59 days from March 26, the actual date of Muchikekwanape's arrest—based on initial information that Muchikekwanape was provisionally arrested by the U.S. Marshals Service on March 25. At Muchikekwanape's initial appearance, the United States informed the Court of the May 24 date based on the Treaty and the Department of State's notification to Canada. While the 60-day Treaty timeframe runs through May 25, Canada has indicated it intends to submit the formal request by May 24 based on the State Department's initial request.

U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (Ex. C) (collectively, the "Treaty"). The 1971 Treaty is attached hereto as Exhibit A, and the First and Second Amending Protocols are attached hereto as Exhibits B and C. Muchikekwanape appears to rely on only the original, 1971 Treaty and overlooks at least the First Protocol.[2]

Article 11(3) of the 1971 Treaty provided that, in the case of provisional arrest, "[a] person arrested shall be set at liberty upon the expiration of forty-five days from the date of his arrest pursuant to such [provisional arrest] application if a request for his extradition accompanied by the documents specified in Article 9 shall not have been received." Ex. A at 11. The First Protocol amended that timeframe, among other things. It established that the person arrested shall be released "upon the expiration of *sixty days* from the date of arrest pursuant to such application if a request for extradition and the documents specified in Article 9 have not been received." Ex. B at 8 (emphasis added); *see also* Ex. B at 5 (Executive Branch letter of transmittal to the U.S. Senate stating that the First "Protocol replaces Article 11(3) of the [1971] Treaty to extend the period of provisional arrest in the Requested State from forty-five days to sixty days, which is the time period most commonly provided under U.S. extradition treaties. The extension will allow prosecutors greater latitude in assembling extradition packages and in making necessary adjustments or additions to the documents.").[3] The amendments in the Second Protocol are not relevant here. *See* Ex. C.

Importantly, Article 11 requires only that the Department of State receive Canada's formal request within 60 days—not that the formal request must be provided to this U.S. Attorney's Office or filed with the Court within that period. Case law makes this clear. *See,*

---

[2] Muchikekwanape also makes passing reference to a "sixty-day deadline" and his detention "in federal custody for an additional twenty-five days" in asserting that the Treaty requires his immediate release. Muchikekwanape App. for Order To Release Relator from Federal Custody at 2 (May 12, 2021), ECF No. 18. This passage is inconsistent and confusing. In any event, no ground exists for releasing Muchikekwanape now.

[3] The Treaty also permits extradition proceedings against a fugitive if a formal extradition request is received after the 60-day timeframe. Ex. B at 8 ("This stipulation shall not prevent the institution of proceedings with a view to extraditing the person sought if the request and documents are subsequently received.").

*e.g.*, *Bozilov v. Seifert*, 983 F.2d 140, 143-44 (9th Cir. 1992) ("Extradition is facilitated by validating extradition requests received by the American Embassy. Extradition requests received by an authorized diplomatic authority within the Treaty's time limit are sufficient."); *United States v. Wiebe*, 733 F.2d 549, 554 (8th Cir. 1984) ("We are satisfied…that the Treaty does not require receipt at the courts of the asylum country." (quoting *United States v. Clark*, 470 F. Supp. 976, 979 (D. Vt. 1979)); *In re Extradition of Mainero*, 990 F. Supp. 1208, 1215 n.13 (S.D. Cal. 1997) ("The documents themselves do not have to filed in court by the 60 day period, only received by the United States."); *In re Extradition of Correa*, No. 17-14059-MC, 2017 WL 8780154, at *2 (S.D. Fla. May 8, 2017) (recognizing that Department of State received the extradition request from the Netherlands within the treaty deadline, and denying release); *In re Extradition of Suyanoff*, No. 12-MJ-462 JMA, 2012 WL 4328523, at *1 n.1 (E.D.N.Y. Sept. 20, 2012) (rejecting fugitive's argument that treaty required the United States to present the extradition request to the court on the sixtieth day and concluding that "[b]ecause the Department of State received the request within sixty days of Suyanoff's arrest, the Treaty was satisfied."); *In re Extradition of Sanchez Rea*, No. 2:07-MC-099, 2008 WL 312533, at *1 (E.D. Cal. Feb. 4, 2008) ("Mexico complied with its treaty requirements by providing the formal request for extradition and supporting documents to the Department of State within the 60 days.").

  Further, this U.S. Attorney's Office will not have Canada's formal request in hand at the same moment the Department of State receives it. When the Department of State receives a formal extradition request and documents, it reviews the package for, among other things, compliance with the treaty; issues a declaration upon completing its review; and then transmits the package to Department of Justice's Office of International Affairs (OIA). OIA then will send the extradition package to the U.S. Attorney's Office for filing as soon as practicable. It typically takes two weeks or more between the time the Department of State receives a formal extradition request and the time the U.S. Attorney's Office is able to file it. The United States also plans to file a memorandum in support of

extradition when it files the formal request here. The extradition hearing may be held anytime thereafter.

Muchikekwanape was arrested in San Diego on March 26. His arrest was pursuant to a warrant on a complaint for provisional arrest with a view toward extradition. That is because the Government of Canada asked the United States to provisionally arrest Muchikekwanape in accordance with Article 11 of the Treaty. *See* Compl. ¶ 4 (Mar. 29, 2021), ECF No. 1. Contrary to Muchikekwanape's assertion, the United States has made no "representations that an extradition package has been submitted through the diplomatic channels of the United States government." Muchikekwanape App. for Order To Release from Federal Custody at 2 (May 12, 2021), ECF No. 18. The United States has not yet received a formal package from Canada, but it expects it will based on Canada's representation, and there still is time under the Treaty for this.

Pursuant to Article 11, the Department of State must receive Canada's request by May 25. At the status hearing scheduled for May 27, the United States will inform the Court of the status of Canada's request. The United States also will promptly file Canada's extradition package and provide it to Muchikekwanape after the Department of State completes its review, issues a declaration, and transmits the package to OIA, and after OIA sends it to this U.S. Attorney's Office. There is no basis for releasing Muchikekwanape.

## CONCLUSION

Muchikekwanape's application for release should be denied.

DATED: May 13, 2021

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

*/s/ Peter S. Horn*
PETER S. HORN
Assistant United States Attorney

5