# EXHIBIT A

TREATIES AND OTHER INTERNATIONAL ACTS SERIES 8237

# EXTRADITION

Treaty Between the
UNITED STATES OF AMERICA
and CANADA

Signed at Washington December 3, 1971

*and*

Agreement Amending the Treaty
Effected by Exchange of Notes
Signed at Washington June 28 and July 9, 1974



A00001

# CANADA

## Extradition

*Treaty signed at Washington December 3, 1971;*
*And agreement amending the treaty*
*Effected by exchange of notes*
*Signed at Washington June 28 and July 9, 1974;*
*Ratification of the treaty, as amended, advised by the Senate of*
  *the United States of America December 1, 1975;*
*Ratified by the President of the United States of America De-*
  *cember 12, 1975;*
*Ratified by Canada February 2, 1976;*
*Ratifications exchanged at Ottawa March 22, 1976;*
*Proclaimed by the President of the United States of America*
  *May 6, 1976;*
*Entered into force March 22, 1976.*

———

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

## A PROCLAMATION

CONSIDERING THAT:

The Treaty on Extradition between the United States of America and Canada was signed at Washington on December 3, 1971, as amended by an exchange of notes on June 28 and July 9, 1974, the original of which Treaty, as amended, is hereto annexed;

The Senate of the United States of America by its resolution of December 1, 1975, two-thirds of the Senators present concurring therein, gave its advice and consent to ratification of the Treaty, as amended;

The Treaty was ratified by the President of the United States of America on December 12, 1975, in pursuance of the advice and consent of the Senate, and has been duly ratified on the part of Canada;

The respective instruments of ratification were exchanged at Ottawa on March 22, 1976;

It is provided in Article 18 of the Treaty that the Treaty shall enter into force upon the exchange of ratifications;

Now, THEREFORE, I, Gerald R. Ford, President of the United States of America, proclaim and make public the Treaty, as amended,

(1)                              TIAS 8237

A00002

2

to the end that it shall be observed and fulfilled with good faith on and after March 22, 1976, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this sixth day of May in the year of our Lord one thousand nine hundred seventy-six [SEAL] and of the Independence of the United States of America the two hundredth.

GERALD R. FORD

By the President:
JOSEPH JOHN SISCO
*Acting Secretary of State*

TIAS 8237

A00003

3

TREATY ON EXTRADITION BETWEEN
THE UNITED STATES OF AMERICA
AND CANADA

The United States of America and Canada, desiring to make
more effective the cooperation of the two countries in the
repression of crime by making provision for the reciprocal
extradition of offenders, agree as follows:

TIAS 8237

A00004

4

## ARTICLE 1

Each Contracting Party agrees to extradite to the other, in the circumstances and subject to the conditions described in this Treaty, persons found in its territory who have been charged with, or convicted of, any of the offenses covered by Article 2 of this Treaty committed within the territory of the other, or outside thereof under the conditions specified in Article 3(3) of this Treaty.

## ARTICLE 2

(1)  Persons shall be delivered up according to the provisions of this Treaty for any of the offenses listed in the Schedule annexed to this Treaty, which is an integral part of this Treaty, provided these offenses are punishable by the laws of both Contracting Parties by a term of imprisonment exceeding one year.

(2)  Extradition shall also be granted for attempts to commit, or conspiracy to commit or being a party to any of the offenses listed in the annexed Schedule.

(3)  Extradition shall also be granted for any offense against a federal law of the United States in which one of the offenses listed in the annexed Schedule, or made extraditable by paragraph (2) of this Article, is a substantial element, even if transporting, transportation, the use of the mails or interstate facilities are also elements of the specific offense.

## ARTICLE 3

(1)  For the purpose of this Treaty the territory of a Contracting Party shall include all territory under the jurisdiction of that Contracting Party, including air space

TIAS 8237

A00005

5

and territorial waters and vessels and aircraft registered in that Contracting Party or aircraft leased without crew to a lessee who has his principal place of business, or, if the lessee has no such place of business, his permanent residence in, that Contracting Party if any such aircraft is in flight, or if any such vessel is on the high seas when the offense is committed. For the purposes of this Treaty an aircraft shall be considered in flight from the moment when power is applied for the purpose of the take-off until the moment when the landing run ends.

(2)  In a case when offense 23 of the annexed Schedule is committed on board an aircraft at any time from the moment when all its external doors are closed following embarkation until the moment when any such door is opened for disembarkation, such offense and any other offense covered by Article 2 committed against passengers or crew of that aircraft in connection with such offense shall be considered to have been committed within the territory of a Contracting Party if the aircraft was registered in that Contracting Party, if the aircraft landed in the territory of that Contracting Party with the alleged offender still on board, or if the aircraft was leased without crew to a lessee who has his principal place of business, or, if the lessee has no such place of business, his permanent residence in that Contracting Party.

(3)  When the offense for which extradition has been requested has been committed outside the territory of the requesting State, the executive or other appropriate authority of the requested State shall have the power to grant the extradition if the laws of the requested State provide for jurisdiction over such an offense committed in similar circumstances.

TIAS 8237

6

## ARTICLE 4

(1)  Extradition shall not be granted in any of the following circumstances:

(i)  When the person whose surrender is sought is being proceeded against, or has been tried and discharged or punished in the territory of the requested State for the offense for which his extradition is requested.

(ii) When the prosecution for the offense has become barred by lapse of time according to the laws of the requesting State.

(iii) When the offense in respect of which extradition is requested is of a political character, or the person whose extradition is requested proves that the extradition request has been made for the purpose of trying or punishing him for an offense of the above-mentioned character.  If any question arises as to whether a case comes within the provisions of this subparagraph, the authorities of the Government on which the requisition is made shall decide.

(2)  The provisions of subparagraph (iii) of paragraph (1) of this Article shall not be applicable to the following:

(i)  A kidnapping, murder or other assault against the life or physical integrity of a person to whom a Contracting Party has the duty according to international law to give special protection, or any attempt to commit such an offense with respect to any such person.

(ii) When offense 23 of the annexed Schedule, or an attempt to commit, or a conspiracy to commit, or being a party to the commission of that offense, has been committed  on board an aircraft engaged in commercial services carrying passengers.

TIAS 8237

A00007

7

### ARTICLE 5

If a request for extradition is made under this Treaty for a person who at the time of such request, or at the time of the commission of the offense for which extradition is sought, is under the age of eighteen years and is considered by the requested State to be one of its residents, the requested State, upon a determination that extradition would disrupt the social readjustment and rehabilitation of that person, may recommend to the requesting State that the request for extradition be withdrawn, specifying the reasons therefor.

### ARTICLE 6

When the offense for which extradition is requested is punishable by death under the laws of the requesting State and the laws of the requested State do not permit such punishment for that offense, extradition may be refused unless the requesting State provides such assurances as the requested State considers sufficient that the death penalty shall not be imposed, or, if imposed, shall not be executed.

### ARTICLE 7

When the person whose extradition is requested is being proceeded against or is serving a sentence in the territory of the requested State for an offense other than that for which extradition has been requested, his surrender may be deferred until the conclusion of the proceedings and the full execution of any punishment he may be or may have been awarded.

TIAS 8237

A00008

8

### ARTICLE 8

The determination that extradition should or should not be
granted shall be made in accordance with the law of the requested
State and the person whose extradition is sought shall have the
right to use all remedies and recourses provided by such law.

### ARTICLE 9

(1)  The request for extradition shall be made through the
diplomatic channel.

(2)  The request shall be accompanied by a description of the
person sought, a statement of the facts of the case, the text of
the laws of the requesting State describing the offense and
prescribing the punishment for the offense, and a statement of the
law relating to the limitation of the legal proceedings.

(3)  When the request relates to a person who has not yet
been convicted, it must also be accompanied by a warrant of
arrest issued by a judge or other judicial officer of the
requesting State and by such evidence as, according to the laws
of the requested State, would justify his arrest and committal
for trial if the offense had been committed there, including
evidence proving the person requested is the person to whom the
warrant of arrest refers.

(4)  When the request relates to a person already convicted,
it must be accompanied by the judgment of conviction and sentence
passed against him in the territory of the requesting State, by
a statement showing how much of the sentence has not been served,
and by evidence proving that the person requested is the person
to whom the sentence refers.

**TIAS 8237**

A00009

9

## ARTICLE 10

(1)  Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found, either to justify his committal for trial if the offense of which he is accused had been committed in its territory or to prove that he is the identical person convicted by the courts of the requesting State.

(2)  The documentary evidence in support of a request for extradition or copies of these documents shall be admitted in evidence in the examination of the request for extradition when, in the case of a request emanating from Canada, they are authenticated by an officer of the Department of Justice of Canada and are certified by the principal diplomatic or consular officer of the United States in Canada, or when, in the case of a request emanating from the United States, they are authenticated by an officer of the Department of State of the United States and are certified by the principal diplomatic or consular officer of Canada in the United States.

## ARTICLE 11

(1)  In case of urgency a Contracting Party may apply for the provisional arrest of the person sought pending the presentation of the request for extradition through the diplomatic channel. Such application shall contain a description of the person sought, an indication of intention to request the extradition of the person sought and a statement of the existence of a warrant of arrest or a judgment of conviction against that person, and such further information, if any, as would be necessary to justify the issue of a warrant of arrest had the offense been committed, or the person sought been convicted, in the territory of the requested State.

TIAS 8237

A00010

10

(2)  On receipt of such an application the requested State shall take the necessary steps to secure the arrest of the person claimed.

(3)  A person arrested shall be set at liberty upon the expiration of forty-five days from the date of his arrest pursuant to such application if a request for his extradition accompanied by the documents specified in Article 9 shall not have been received.  This stipulation shall not prevent the institution of proceedings with a view to extraditing the person sought if the request is subsequently received.

ARTICLE 12

(1)  A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted nor be extradited by that State to a third State unless:

(i)  He has left the territory of the requesting State after his extradition and has voluntarily returned to it;

(ii)  He has not left the territory of the requesting State within thirty days after being free to do so; or

(iii)  The requested State has consented to his detention, trial, punishment for an offense other than that for which extradition was granted or to his extradition to a third State, provided such other offense is covered by Article 2.

(2)  The foregoing shall not apply to offenses committed after the extradition.

**TIAS 8237**

11

## ARTICLE 13

(1) A requested State upon receiving two or more requests for the extradition of the same person either for the same offense, or for different offenses, shall determine to which of the requesting States it will extradite the person sought.

(2) Among the matters which the requested State may take into consideration are the possibility of a later extradition between the requesting States, the seriousness of each offense, the place where the offense was committed, the dates upon which the requests were received and the provisions of any extradition agreements between the requested State and the other requesting State or States.

## ARTICLE 14

(1) The requested State shall promptly communicate to the requesting State through the diplomatic channel the decision on the request for extradition.

(2) If a warrant or order for the extradition of a person sought has been issued by the competent authority and he is not removed from the territory of the requested State within such time as may be prescribed by the laws of that State, he may be set at liberty and the requested State may subsequently refuse to extradite that person for the same offense.

## ARTICLE 15

(1) To the extent permitted under the law of the requested State and subject to the rights of third parties, which shall be duly respected, all articles acquired as a result of the offense or which may be required as evidence shall, if found, be surrendered to the requesting State if extradition is granted.

**TIAS 8237**

A00012

12

(2) Subject to the qualifications of paragraph (1) of this Article, the above-mentioned articles shall be returned to the requesting State even if the extradition, having been agreed to, cannot be carried out owing to the death or escape of the person sought.

### ARTICLE 16

(1) The right to transport through the territory of one of the Contracting Parties a person surrendered to the other Contracting Party by a third State shall be granted on request made through the diplomatic channel, provided that conditions are present which would warrant extradition of such person by the State of transit and reasons of public order are not opposed to the transit.

(2) The Party to which the person has been extradited shall reimburse the Party through whose territory such person is transported for any expenses incurred by the latter in connection with such transportation.

### ARTICLE 17

(1) Expenses related to the transportation of the person sought to the requesting State shall be paid by the requesting State. The appropriate legal officers of the State in which the extradition proceedings take place shall, by all legal means within their power, assist the requesting State before the respective judges and magistrates.

TIAS 8237

A00013

13

(2)  No pecuniary claim, arising out of the arrest, detention, examination and surrender of persons sought under the terms of this Treaty, shall be made by the requested State against the requesting State.

ARTICLE 18

(1)  This Treaty shall be ratified and the instruments of ratification shall be exchanged at Ottawa as soon as possible.

(2)  This Treaty shall terminate and replace any extradition agreements and provisions on extradition in any other agreement in force between the United States and Canada; except that the crimes listed in such agreements and committed prior to entry into force of this Treaty shall be subject to extradition pursuant to the provisions of such agreements.

(3)  This Treaty shall enter into force upon the exchange of ratifications.[1] It may be terminated by either Contracting Party giving notice of termination to the other Contracting Party at any time and the termination shall be effective six months after the date of receipt of such notice.

---

[1] Mar. 22, 1976.

TIAS 8237

A00014

14

IN WITNESS WHEREOF the undersigned, being July authorized thereto by their respective Governments, have signed this Treaty.

DONE in duplicate, in the English and French languages, each language version being equally authentic, at Washington this third day of December, one thousand nine hundred seventy one.

FOR THE UNITED STATES OF AMERICA:

*William P. Rogers* [1]

FOR CANADA:

*Mitchell Sharp* [2]

---

[1] William P. Rogers
[2] Mitchell Sharp

TIAS 8237

A00015

15

## SCHEDULE

1. Murder; assault with intent to commit murder.

2. Manslaughter.

3. Wounding; maiming; or assault occasioning bodily harm.

4. Unlawful throwing or application of any corrosive substances at or upon the person of another.

5. Rape; indecent assault.

6. Unlawful sexual acts with or upon children under the age specified by the laws of both the requesting and requested States.

7. Willful nonsupport or willful abandonment of a minor when such minor is or is likely to be injured or his life is or is likely to be endangered.

8. Kidnapping; child stealing; abduction; false imprisonment.

9. Robbery; assault with intent to steal.

10. Burglary; housebreaking.

11. Larceny, theft or embezzlement.

12. Obtaining property, money or valuable securities by false pretenses or by threat of force or by defrauding the public or any person by deceit or falsehood or other fraudulent means, whether such deceit or falsehood or any fraudulent means would or would not amount to a false pretense.

13. Bribery, including soliciting, offering and accepting.

14. Extortion.

**TIAS 8237**

A00016

16

15. Receiving any money, valuable securities or other property knowing the same to have been unlawfully obtained.

16. Fraud by a banker, agent, or by a director or officer of any company.

17. Offenses against the laws relating to counterfeiting or forgery.

18. Perjury in any proceeding whatsoever.

19. Making a false affidavit or statutory declaration for any extrajudicial purpose.

20. Arson.

21. Any act done with intent to endanger the safety of any person travelling upon a railway, or in any aircraft or vessel or other means of transportation.

22. Piracy, by statute or by law of nations; mutiny or revolt on board a vessel against the authority of the captain or commander of such vessel.

23. Any unlawful seizure or exercise of control of an aircraft, by force or violence or threat of force or violence, or by any other form of intimidation, on board such aircraft.

24. Willful injury to property.

25. Offenses against the bankruptcy laws.

26. Offenses against the laws relating to the traffic in, production, manufacture, or importation of narcotic drugs, Cannabis sativa L., hallucinogenic drugs, amphetamines, barbiturates, cocaine and its derivatives.

**TIAS 8237**

A00017

17

27. Use of the mails or other means of communication in connection with schemes devised or intended to deceive or defraud the public or for the purpose of obtaining money or property by false pretenses.

28. Offenses against federal laws relating to the sale or purchase of securities.

29. Making or having in possession any explosive substance with intent to endanger life, or to cause severe damage to property.

30. Obstructing the course of justice in a judicial proceeding, existing or proposed, by:

    a) dissuading or attempting to dissuade a person by threats, bribes, or other corrupt means from giving evidence;

    b) influencing or attempting to influence by threat, bribes, or other corrupt means a person in his conduct as a juror; or

    c) accepting a bribe or other corrupt consideration to abstain from giving evidence or to do or to refrain from doing anything as a juror.

TIAS 8237

A00018

35

[AMENDING AGREEMENT]

*The Canadian Ambassador to the Secretary of State*



Canadian Embassy          Ambassade du Canada

Washington, D.C.

June 28, 1974

No. 126

Excellency,

       I have the honour to refer to the Treaty on Extra-
dition between the Government of Canada and the Government
of the United States signed at Washington on December 3,
1971 and to subsequent discussions between representatives
of our two governments concerning the amendment of the said
Treaty.

       Further to those discussions I now have the honour
to propose that the said Treaty be amended as follows:

          (1) That Article 4(2)(i) of the Treaty shall

             be amended to read:  "A kidnapping, murder,

             or other assault against the life or physical

             integrity of a person to whom a Contracting

             Party has the duty according to international

             law to give special protection, or any attempt

             or conspiracy to commit, or being a party to

The Honourable
  Henry A. Kissinger,
    Secretary of State,
      Washington, D.C.
        20520

TIAS 8237

36

the commission of, such an offence with
respect to any such person."

(2) That clause 26 of the Schedule annexed to
the Treaty shall be amended to read:
"Offences against the laws relating to
the traffic in, production, manufacture or
importation of drugs listed in Schedule I
to the Single Convention on Narcotic Drugs
of March 30, 1961 [1] and of drugs listed in
Schedules I, II and III to the Convention
on Psychotropic Substances of February 21,
1971."

If this proposal meets with the approval of your
government, I have the further honour to propose that
this Note, which is authentic in English and in French,
and your reply shall constitute an amendment to the Treaty
on Extradition between Canada and the United States referred
to above, which shall come into force on the date of the
entry into force of the said Treaty and which shall be con-
sidered an integral part of the said Treaty.

Accept, Excellency, the assurances of my highest
consideration.

M. Cadieux,
Ambassador.

---

[1] TIAS 6298; 18 UST 1559.

TIAS 8237

A00020