```
                                                                    1

 1                    UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF CALIFORNIA

 3

 4    UNITED STATES OF AMERICA,     )
                                    )
 5                Plaintiff,        )  Case No. 21mj1181-BGS
                                    )
 6    VS.                           )  San Diego, California
                                    )
 7    RODERICK MUCHIKEKWANAPE,      )  Thursday,
                                    )  April 1, 2021
 8                Defendant.        )  3:17 p.m.
      _____)

 9

10

11              TRANSCRIPT OF INITIAL APPEARANCE
             BEFORE THE HONORABLE BERNARD G. SKOMAL
12                UNITED STATES MAGISTRATE JUDGE

13

14    APPEARANCES:

15    For the Government:     PETER HORN
                              Assistant U.S. Attorney
16                            880 Front Street
                              San Diego, California  92101
17

18    For the Defendant:      FEDERAL DEFENDERS OF SAN DIEGO, INC.
                              BY:  MEAGAN NETTLES, Esq.
19                                 CHANDRA PETERSON, Esq.
                              225 Broadway
20                            Suite 900
                              San Diego, California  92101
21

22    Transcript Ordered by:  U.S. Attorney's Office

23    Transcriber:            Cameron P. Kircher

24    Proceedings recorded by electronic sound recording;
      transcript produced by transcription.
25
```

2

1      San Diego, California - Thursday, April 1, 2021
2                       3:17 p.m.
3           THE CLERK:  Calling Matter No. 11, 21mj1181,
4    United States of America versus In The Matter of the
5    Extradition of Roderick Muchikekwanape.
6           MR. HORN:  Good afternoon, your Honor.  Peter Horn
7    for the United States on this matter.
8           THE COURT:  All right.  Ms. Nettles, your office has
9    been appointed by Judge Burkhardt on this matter.  It's an
10   extradition case.  And I'm here to arraign him on that case.
11   Okay?
12          MS. NETTLES:  Yes, your Honor.
13          THE COURT:  And I'm having a hard time pronouncing
14   the defendant's last name.  Can I call him Mr. Roderick, or
15   how would I pronounce his last name?
16          THE DEFENDANT:  Oh, me?
17          THE COURT:  Yes.
18          THE DEFENDANT:  Muchikekwanape.
19          THE COURT:  Muchikekwanape.  I might have to call
20   you "Mr. M" for the time being.
21          THE DEFENDANT:  That's fine.
22          THE COURT:  He's here on an extradition.  Just out
23   of an abundance of caution -- though I don't think it's
24   necessary -- do you agree to appear by way of the video on
25   the complaint?

3

1              THE DEFENDANT:  Yes, I do.  Yes, I do.
2              THE COURT:  I find that he's knowingly and
3    voluntarily agreed to appear by way of video.
4              All right.  So this is a matter of extradition.  An
5    arrest warrant was issued.  And it has -- you have a right to
6    remain silent, first of all; so I'm not going to ask you any
7    questions about this matter.
8              I'm going to inform you that it is an extradition.
9    And Mr. Horn, what's it based on, a murder conviction?
10             MR. HORN:  That's right, your Honor.  It's based on
11   a first-degree murder conviction in 2000 from Canada and his
12   escape from prison last October.
13             THE COURT:  All right.  And so Canada is requesting
14   your return under the Extradition Treaty from the United
15   States to Canada, and there is a procedure involved.  Under
16   the Extradition Treaty, you're entitled to a hearing.  You're
17   also entitled to counsel.  And we have appointed Federal
18   Defenders to represent you.
19             You're not entitled to bail.  However, it would be
20   your burden -- there is a presumption of no bail.  It would
21   be your burden to prove special circumstances.  And so I am
22   going to detain you, and if the Federal Defender office wants
23   to move for bail, they should file that motion before this
24   Court, and I'll either ask for a response or I'll take your
25   memorandum as a response.

1       Mr. Horn.
2           MR. HORN: Thank you, your Honor. And the only
3   other matter we'd suggest would be setting a further status
4   hearing.
5           THE COURT: Right. I was going to do that. I don't
6   need to fill this out.
7           I want to know when -- when you have to turn over
8   the -- or lodge the formal extradition documents. What's the
9   time frame under the Treaty?
10          MR. HORN: Yes, your Honor. So the Department of
11  State and through OIA has advised that it's May 24th by which
12  Canada has to submit the formal extradition request. So we'd
13  suggest setting a status hearing a few days after that to
14  confirm that that has been submitted.
15          And if -- if the fugitive will go forward with an
16  extradition hearing, then we'll set a schedule for that
17  hearing and briefing at that status hearing.
18          THE COURT: What is Federal Defenders --
19  Ms. Nettles, your position on setting the status hearing? I
20  was going to set a status hearing anyway to further set a
21  briefing schedule for an extradition hearing.
22          MS. NETTLES: That sounds fine, your Honor.
23          THE COURT: Okay. Then do we even have the 24th of
24  May open?
25          THE CLERK: Let me check. The 24th of April?

5

1  THE COURT: Oh, I guess you want May 26th; right?
2  MR. HORN: Just shortly after the 24th, yes, your
3  Honor.
4  (Brief discussion held off the record.)
5  THE COURT: Will that work for Federal Defenders and
6  the government, May 27th at 1:30 for a pretrial status
7  hearing to set a briefing schedule and any other requests
8  that the parties have at that time?
9  MS. NETTLES: Yes. That date is fine, your Honor.
10  MR. HORN: Yes, your Honor.
11  THE COURT: All right. So Mr. M, you will have --
12  we'll have a status hearing on that date. Your attorney will
13  be in contact with you and explain how bail works and the
14  whole extradition process.
15  And is there anything else I need to address? You
16  mentioned something about state charges. Is that something I
17  need to address?
18  MR. HORN: It's not, your Honor. To the extent any
19  bail was going to be discussed, I wanted to inform the Court
20  of the nature of those charges, which is that there are
21  several charges under review relating to sexual assault of a
22  minor from approximately two or three weeks ago here in
23  San Diego.
24  Those --
25  THE COURT: I don't think we need to talk about that

                                                                    6

1    now.
2              MR. HORN:  Exactly.  Those are under review, but
3    nothing you need to address.
4              THE COURT:  Right.  If Federal Defenders files a
5    motion for bail indicating what special circumstances exist,
6    then that would become relevant to my consideration.
7              All right.  That's all --
8              MS. PETERSON:  Your Honor, this is Chandra Peterson.
9    I'm sorry.  I'm actually the attorney who is going to be
10   handling this matter.
11             I just wanted to make sure that Mr. M -- I promise I
12   will pronounce your name correctly once I meet you and you
13   can help me with it.  But I just wanted to make sure that he
14   had our phone number.
15             THE COURT:  Oh, yes.  And your last name Chandra.  I
16   know --
17             MS. PETERSON:  Peterson.  Chandra Peterson.
18             THE COURT:  Okay.  Thank you.
19             Let me ask you, Ms. Peterson, it's provisional
20   appointment now.  Do you have any indication from -- have you
21   talked to him yet about his finances, if he has money to
22   proceed?
23             MS. PETERSON:  Your Honor, our office has.  But
24   given that he's been in prison -- I haven't seen the form.
25   But given that he's been in prison since I think 2000, my

1   understanding is that he does not have the ability to pay for
2   an attorney.  But Ms. Nettles I think can maybe confirm that.
3   She probably has his form on the computer right now.
4           MS. NETTLES:  Yes, your Honor.  The information that
5   I have is that he's currently waiting for a job.  He has been
6   unemployed and he doesn't have any substantial assets.
7           THE COURT:  All right.  We're going to confirm the
8   appointment of Federal Defenders and Ms. Peterson.  And
9   that's all for today.
10          Did you want to give the telephone to Mr. M?
11          MS. NETTLES:  Do you have a pen?
12          THE DEFENDANT:  Yes, I do.
13          MS. NETTLES:  Okay.  It's (619) 234-8467.
14          THE DEFENDANT:  All right.  Thank you.
15          MS. PETERSON:  We'll talk soon, sir.  Thank you.
16          THE DEFENDANT:  All right.
17          (Proceedings concluded at 3:26 p.m.)
18                          -- oo0oo --
19          I certify that the foregoing is a correct transcript
20  from the electronic sound recording of the proceedings in the
21  above-entitled matter.
22
    /s/Cameron P. Kircher              6-4-21
23  Transcriber                        Date
24
25