RANDY S. GROSSMAN
Acting United States Attorney
PETER S. HORN
Assistant United States Attorney
California Bar No. 321358
New York Bar No. 5333653
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: 619-546-6795
Email: peter.horn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF<br>THE EXTRADITION OF<br>RODERICK MUCHIKEKWANAPE<br><br>a/k/a<br><br>"MUCHIKEKWANAPE, RODERICK, RODNEY"<br>"MUCH, RODERICK, TOOT"<br>"GAMBLER, THOMAS ROBERT"<br>"STARKES, PAUL EDWARD"<br>"GREEN, KEVIN" | Misc. Case No.: 21-MJ-1181-BGS<br><br>**UNITED STATES' REPLY TO MUCHIKEKWANAPE'S RESPONSE IN OPPOSITION TO EXTRADITION**<br><br>Date: July 22, 2021<br>Time: 1:30 p.m.<br><br>Hon. Bernard G. Skomal |

**INTRODUCTION**

The Court should certify Muchikekwanape for extradition. He asserts he does not consent to extradition for either enforcement of his sentence for murder or the charge of escape from custody, but he objects to only the escape charge. He raises just two arguments; both fail.

First, Canada's extradition request complies with the Treaty, including its requirement that the request provide the text of the law. Second, Canada's request provides

sufficient and ample evidence of Muchikekwanape's escape from custody. The statements of Canadian authorities of which he complains are sufficient under the law and show probable cause that Muchikekwanape committed this offense. The Court should certify Muchikekwanape's extraditability for both the enforcement of his life sentence and for the charge of escape from custody.

## ARGUMENT

Muchikekwanape makes no arguments against extradition for the enforcement of his life sentence for first-degree murder. For the reasons set forth in the United States' memorandum in support of extradition, the Court should certify his extraditability for that offense.[1]

Muchikekwanape also should be extradited for escaping from custody and being at large without excuse, as Canada has charged by indictment. Neither of his arguments in opposition provides any basis for denying Canada's request.

### I. Canada's Extradition Request Complies with the Treaty

Muchikekwanape contends Canada's request does not set forth the "text of the law" for escape from custody and therefore extradition is barred. Muchikekwanape Br. in Support of Denial of Request for Extradition at 2, 3 (June 23, 2021), ECF No. 28 ("Resp."). He is wrong.

---

[1] In its Memorandum in Support of Extradition, and based on the affidavit of law regarding Muchikekwanape's murder conviction, the United States wrote that Muchikekwanape will be required to serve the rest of his life sentence in custody. Mem. in Support of Extradition at 13 (June 4, 2021) ("Mem."), ECF No. 24; *see* Ex. A to Mem. at 73 ¶ 17, ECF No. 24-1 ("If the U.S.A. extradites Mr. Muchikekwanape back to Canada in accordance with this request, he will be required to serve the remaining term of his sentence in custody."). On June 29, after Muchikekwanape filed his response, Canada transmitted to the U.S. Department of State a supplement to its extradition request. The supplement, which the Department of State certified, is attached hereto as Exhibit C. *See* Ex. C at 93 (certification). The U.S. Attorney's Office received these documents on June 30 and produced them to Muchikekwanape on July 1.

Canada's supplement amends only the statement cited above, regarding Muchikekwanape's remaining custodial term, to read: "If the U.S.A. extradites Mr. Muchikekwanape back to Canada in accordance with this request, he will be required to serve the remaining term of his sentence in custody unless parole is granted following his return to Canada." Ex. C at 96 ¶ 6. In any event, whether Muchikekwanape ever would be eligible for parole is immaterial to the Court's determination on his extraditability.

Article 9(2) of the Treaty states that a request for extradition "shall be accompanied by the text of the laws of the requesting State describing the offense and prescribing the punishment for the offense," among other things. Treaty Art. 9(2), Ex. A at 13 to Mem. in Support of Extradition (June 4, 2021) ("Mem."), ECF No. 24-1 ("Ex. A"). There is no requirement that a copy of the relevant portion of a code book be included. *Cf.* Resp. at 3. Indeed, courts defer to a foreign government's explanation of its own law and do not examine the requesting country's compliance with its own criminal procedure. *Emami v. U.S. Dist. Court for N. Dist. of Cal.*, 834 F.2d 1444, 1449 (9th Cir. 1987); *Theron v. U.S. Marshal*, 832 F.2d 492, 499-500 (9th Cir. 1987), *abrogated on other grounds by United States v. Wells*, 519 U.S. 482 (1997); *In re Assarsson*, 635 F.2d 1237, 1244 (7th Cir. 1980). Courts are not expected to become experts or even "conversant" with foreign criminal law. *Grin v. Shine*, 187 U.S. 181, 190 (1902); *In re Assarsson*, 635 F.2d at 1244. And "[a]mong the most logical sources for the court to look to in its determination of foreign law are the foreign officials charged with enforcing the laws of their country." *United States v. McNab*, 331 F.3d 1228, 1241 (11th Cir. 2003).

Canada's request satisfies Article 9(2). The statute for and description of Canada's charge of escape and being at large without excuse is contained in a sworn and properly certified affidavit of law by Crown Counsel Dorothy Pui Huen Tsui (of the British Columbia Prosecution Service, Ministry of Attorney General of British Columbia). *Id.* at 47 ¶ 3, 51. Her affidavit sets out verbatim the text of § 145(1) of the Canadian Criminal Code, the statute that applies to Muchikekwanape's escape offense. *Id.* at 49 ¶ 13.[2] The

---

[2] Muchikekwanape acknowledges (or at least "presum[es]" correctly), as he must, that Crown Counsel Tsui's affidavit copies the text of § 145(1) of Canada's Criminal Code. Resp. at 3. Her affidavit indeed does so—exactly. *See* Section 145(1), Justice Laws Website, Government of Canada (June 15, 2021), *available at* https://laws-lois.justice.gc.ca/eng/acts/C-46/section-145.html (last visited July 7, 2021); Ex. A at 49 ¶ 13.
   Muchikekwanape's effort to contrast the request's copy of the first-degree murder statute, § 235(1), gets him nowhere. He notes that the text of that code section is "properly included." Resp. at 3. Canada's extradition request includes a copy of the relevant Criminal Code section available from HeinOnline. Ex. A at 78-79. That is proper. And there is no meaningful distinction between the copy of § 235(1) and the verbatim recitation of § 145(1) in Crown Counsel Tsui's affidavit. Muchikekwanape's argument seeking the "actual text" of the escape statute suggests that only some original code book would

affidavit also sets forth the punishment for this offense and statements regarding the relevant criminal procedure and limitations on proceedings, none of which Muchikekwanape questions. *Id.* at 48 ¶¶ 7-11, 49 ¶¶ 12-17, 50 ¶¶ 18-19, 24-25, 51 ¶¶ 26-31. The extradition request thus complies with the Treaty, including Article 9(2). This conclusion is correct under the plain term of the Treaty and case law, and it is consistent with the principles of comity in extradition cases, *Martinez v. United States*, 828 F.3d 451, 463-64 (6th Cir. 2016), and that extradition treaties should be construed to enlarge the rights of the parties, *Cucuzella v. Keliikoa*, 638 F.2d 105, 107 n.3 (9th Cir. 1981), and to effectuate their purpose of surrendering fugitives to the requesting country, *Factor v. Laubenheimer*, 290 U.S. 276, 298-300 (1933).

The cases Muchikekwanape cites have no application here. *In re Extradition of Molnar* involved the extradition treaty between the United States and Hungary, providing that an extradition request must include the text of the law "describing the essential elements of the offense." 202 F. Supp. 2d 782, 787 (N.D. Ill. 2002). That court determined that Hungary's extradition request did not sufficiently describe the elements of the offense (specifically, knowledge; or establish probable cause). *Id. In re Extradition of Ferriolo* concerned the extradition treaty between the United States and Italy, also requiring that a request include the text describing "the essential elements." 126 F. Supp. 3d 1297, 1301 (M.D. Fla. 2015). The court there concluded Italy's extradition request did not comply with that treaty because the request did not include all relevant sections of code under which the fugitive had been convicted or provide full English translations. *Id.*[3]

The Treaty here does not require that Canada's request include any specific statement of the elements of this escape offense. Treaty Art. 9(2), Ex. A at 13. Further,

---

do. Of course, the Treaty and case law require no such thing. Muchikekwanape's argument for the "actual text" for § 145(1) ultimately contradicts and disproves itself.

[3] Similarly, in *Matter of Patterson*, the court concluded that the United Kingdom's extradition request was deficient because it did not include "a copy of the charging document, as required by Article 8 [of that treaty]." No. 16-MJ-3409, 2016 WL 7377266, at *2 (S.D.N.Y. Nov. 10, 2016). The indictment charging Muchikekwanape is included in Canada's extradition package. Ex. A at 53. In any event, the Treaty here does not require it, and Muchikekwanape does not raise any issue with the charging document.

another court in this District has rejected the text-of-the-law argument and reliance on these cases that Muchikekwanape advances here. "In both of these cases [*Molnar* and *Ferriolo*], the extraditee was not adequately put on notice of the nature of the offense because the offense, as set forth in the request for extradition, was materially incomplete—a situation not at issue here." *In re Extradition of Bowman*, No. 19-MJ-5089-JLB, 2020 WL 6689807, at *5 (S.D. Cal. Nov. 13, 2020) (certifying extraditability of fugitive to Scotland), *petition for writ of habeas corpus filed*, *Bowman v. Stafford*, 20-CV-2250-GPC-MSB.

## II. There Is Probable Cause To Believe Muchikekwanape Escaped from Prison

Muchikekwanape contends the extradition package does not provide evidence establishing probable cause for the escape charge. He argues the certified statements describing the offense are insufficient. Resp. at 4-7; *see* Ex. A at 56-59, 80-83. He is mistaken, and the authorities he cites lend him no support.

### A.   Muchikekwanape Was Arrested Here, Outside of Canadian Custody

The basic fact that Muchikekwanape was arrested in this District undermines his entire argument against probable cause. There is no question he escaped from custody in Canada. There is no question he was found and arrested in San Diego several months later. And there is no question he, the person before this Court, is the same person wanted on this escape charge in Canada.

### B.   Canada's Request Establishes Probable Cause

Canada's extradition package demonstrates probable cause for Muchikekwanape's escape offense. When an extradition request is certified, as Canada's is here, the documents it contains must be admitted as evidence. 18 U.S.C. § 3190; *Collins v. Loisel*, 259 U.S. 309, 313-14 (1922); Treaty Art. 10(2)(a), Ex. A at 42. A court's finding of extraditability, including probable cause, properly and typically is based on just the authenticated documents provided by the requesting country, regardless whether the documents are sworn or summaries (as opposed to witness statements). *See Manta v. Chertoff*, 518 F.3d 1134, 1139, 1145-47 (9th Cir. 2008) (affirming probable-cause determination relying on foreign prosecutor's investigation report); *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1162-63,

1166 (11th Cir. 2005) (affirming probable-cause determination relying on foreign investigator's unsworn bill of indictment); *Bovio v. United States*, 989 F.2d 255, 259-61 (7th Cir. 1993) (affirming probable-cause determination relying on foreign investigator's statement); *In re Extradition of Sainez*, No. 07-MJ-177-JMA, 2008 WL 366135, at *15 (S.D. Cal. Feb. 8, 2008) ("The Court may properly consider all of the…[documentary] evidence [submitted in support of the extradition request], whether sworn or unsworn, or whether the evidence consists of an actual statement given by a witness or a summary thereof."). The Rules of Evidence do not apply in extradition proceedings. Fed. R. Evid. 1101(d)(3); *see, e.g.*, *Then v. Melendez*, 92 F.3d 851, 855 (9th Cir. 1996). Courts consider and frequently find probable cause based on hearsay evidence—including documents containing multiple levels of hearsay. *E.g.*, *Mainero v. Gregg*, 164 F.3d 1199, 1206 (9th Cir. 1999); *Zanazanian v. United States*, 729 F.2d 624, 626-27 (9th Cir. 1984).

The certified statements in Canada's package provide ample evidence that Muchikekwanape violated § 145(1): that he "escape[d] from lawful custody [and was], before the expiration of a term of imprisonment for which [he was] sentenced, at large in or outside of Canada without lawful excuse[.]" Ex. A at 49 ¶ 13. Declarant Constable Darcy Wade, a member of the Royal Canadian Mounted Police for 10 years, is the lead investigator for Muchikekwanape's escape from custody. Ex. A at 56 ¶¶ 1, 4. In that role, Constable Wade reviewed the entire investigative file, which includes police reports, Correctional Service of Canada reports, and witness statements. *Id.* ¶ 4. Her declaration provides a detailed summary of Muchikekwanape's escape and surrounding circumstances, including: the first-degree murder and sexual assault he committed; his conviction and sentence; his behavior leading up to his escape from Mission Institution on October 29, 2020; the prison staff's discovery that he had escaped; the subsequent warrant and prosecution; and identification of him. *Id.* at 56 ¶¶ 5-6, 57 ¶¶ 6-12, 58 ¶¶ 13-17, 59 ¶¶ 18-19. Lisa Manson is a National Manager, Sentence Management, for the Correctional Service of Canada (CSC), and she reviewed the CSC's files and evidence regarding Muchikekwanape. *Id.* at 80 ¶ 1. Her thorough statement sets forth the facts and

circumstances of: the murder and sexual assault; Muchikekwanape's conviction and sentence; his escape from Mission Institution; the search and warrant for him; Canada's provisional extradition request to the United States and warrant out of the Western District of Washington; his arrest in San Diego in March; and identification of him. *Id.* at 80 ¶¶ 3-4, 81 ¶¶ 4-11, 82 ¶¶ 11-17, 83 ¶ 18. This evidence establishes more than probable cause that Muchikekwanape escaped from custody in violation of the Canadian escape statute.

Contrary to Muchikekwanape's contentions, Resp. at 5-6, witness statements, police reports, or other underlying information are neither required nor necessary for the Court's probable-cause determination. The statements provided by Canada are detailed and reliable summaries of the facts and evidence from officials describing Muchikekwanape's offenses: statements like those courts routinely have relied upon in extradition proceedings. *E.g.*, *Manta*, 518 F.3d at 1139, 1145-47; *Bovio*, 989 F.2d at 259-61.

And Muchikekwanape's hearsay argument is baseless. *See* Resp. at 6-7. Hearsay evidence is a proper basis for probable cause in extradition hearing, and *Zanazanian*, among other cases, confirms this. Muchikekwanape repeatedly cites *Zanazanian*, asserting that the evidence here does not meet its "baseline." Resp. at 5-6. But that case underscores, not undercuts, the reliability of Canada's evidence. The Court of Appeals for the Ninth Circuit concluded that evidence involving multiple levels of hearsay can establish probable cause, noting that the reports in that case were "abundant in detail, containing specifics of time and place, price and quantity." 729 F.2d at 627. The reports there were police reports of interrogations of witnesses—the fugitive Zanazanian's accomplices, who were criminal suspects engaged in the same illegal narcotics activities with which Zanazanian was charged. *Id.* at 625, 627-28. Constable Darcy's and Ms. Manson's statements also are very specific and corroborated by the other evidence in Canada's package, including the conviction documents, warrant, and charging document. At least as significant, and in contrast to the reports in *Zanazanian*, the statements here are from Canadian law enforcement whose statements were based on their full review of the files. The source of the evidence here makes it only stronger.

## **CONCLUSION**

The United States respectfully requests that the Court certify the extraditability of Muchikekwanape to Canada.

DATED: July 9, 2021                                                            Respectfully submitted,

                                                                                                    RANDY S. GROSSMAN
                                                                                                    Acting United States Attorney

                                                                                                    */s/ Peter S. Horn*
                                                                                                    PETER S. HORN
                                                                                                    Assistant United States Attorney

8